UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10708-GAO

DUARTE CALVAO,
on behalf of himself and all others similarly situated,
Plaintiff,

v.

TOWN OF FRAMINGHAM,
Defendant.

OPINION AND ORDER
December 23, 2010

O'TOOLE, D.J.

The Town of Framingham has moved for an order enforcing the consent judgment in this case and finding the plaintiffs in contempt of that judgment (dkt. no. 99), as well as for attorneys' fees incurred in connection with that motion (dkt. no. 101). After careful review of the parties' submissions and oral arguments, the Court denies both of the Town's motions.

In this action, Framingham police officers as a class sued the Town for failure to pay overtime wages under the Fair Labor Standards Act (the "FLSA"). This Court concluded that the Town in 1986 had validly adopted an alternate overtime framework for police officers pursuant to 29 U.S.C. § 207(k). (See July 2, 2008 Op. and Order 7 (dkt. no. 79).) That framework required the Town to pay overtime not for hours worked in excess of forty in a week, as is usual under the FLSA, but for hours worked in excess of 147 in a twenty-four day work period. After negotiation, the parties eventually proposed, and this Court entered at their mutual request, a consent judgment providing that the Town did not have to pay damages under the FLSA "or any

other state or federal law, in this or any other proceeding, in connection with any underlying facts or circumstances giving rise to this litigation." (See Consent J. 1 (dkt. no. 91).)

The Framingham Police Officers Union (the "Union"), representing the same officers who comprised the litigation class in this case, has filed and is currently pursuing a prohibited practice charge under state labor law before the Commonwealth Employment Relations Board (the "Board") of the Massachusetts Division of Labor Relations. In that case, the Union alleges that the Town failed to bargain with it before adopting the alternate overtime framework for police.

The Town moved to dismiss the Union's complaint, arguing, among other things, that this Court had determined that the Town effectively had established its alternate overtime framework in 1986 (not 2007, as alleged in the prohibited practice complaint), precluding the Union from relitigating that issue, and further contending that the consent judgment in this case forecloses any monetary remedy under federal or state law.

The Board denied the Town's motion to dismiss, and the Town now seeks an order from this Court compelling the plaintiffs (members of the Union) to abandon the state labor complaint.

The plaintiffs in this case, police officers of the Town of Framingham, sued for damages and declaratory relief under the FLSA. A principal defense raised by the Town was that it had validly adopted an alternate work week for the police department and therefore had breached no obligations owed the plaintiffs under the FLSA. That defense was sustained first by this Court and then by the First Circuit Court of Appeals. See Calvao v. Town of Framingham, 599 F.3d 10, 12, 19 (1st Cir. 2010). The state labor charge was initiated by the police union, acting as representative of the members of the Framingham police department, to obtain a ruling that the Town had committed prohibited labor practices under Massachusetts law by failing to bargain

collectively with the Union prior to adopting the alternate FLSA workweek. In broad terms, then, the central issue presented there is different from what was litigated here. See City of Boston v. Commonwealth Emp't Relations Bd., 902 N.E.2d 410, 415-17 (Mass. 2009). It bears noting that the Union has apparently abjured any claim to monetary relief in the state proceeding to avoid running afoul of the provision in the consent judgment here to the effect that the Town would not be liable to the members of the Union for damages under the FLSA "or any other state or federal law, in this or any other proceeding, in connection with the underlying facts or circumstances giving rise to this litigation." (See Consent J. 1 (dkt. no. 91).)

Despite the difference in focus of the two cases, there is some possibility of conflict in subsidiary fact-finding, most notably with respect to when and how the Town adopted the alternate work week schedule. This Court concluded, and the Circuit affirmed, that the Town had validly adopted the alternate week schedule for FLSA purposes in 1986. The Town believes that that issue cannot be relitigated in the state proceeding. Whether it can or not is, at least in the first instance, a matter for the Massachusetts courts and state law principles of collateral estoppel. While it may be possible, it is not inevitable that there would be a conflict between the consent judgment entered by this Court and the eventual outcome of the state proceeding. There is no need for action by this Court at this time. Sufficient unto the day is the evil thereof.

The pending motions are DENIED.

It is SO ORDERED.

/s/
George A. O'Toole, Jr.
United States District Judge